UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCOTT THOMPSON,<br><br>　　　　Plaintiff,<br>v.<br>STATE OF CALIFORNIA; KAMALA D. HARRIS,<br><br>　　　　Defendants. | Case No. 3:12-cv-2824-GPC-WVG<br><br>**ORDER RE SERVICE OF PROCESS** |

The Court issues this order sua sponte to address the current status of Plaintiff's case as set forth below.

On November 26, 2012, Brian Scott Thompson ("Plaintiff"), proceeding pro se, filed a complaint alleging he was wrongfully arrested in violation of 42 U.S.C. § 1983 and the California Constitution. More specifically, Plaintiff alleges that, in 1993, he pled guilty to charges in the State of Texas for "indecency with a child." Plaintiff alleges that, pursuant to his plea agreement with the State of Texas, he was required to register as a sex offender only until the discharge of his probation or parole. Plaintiff alleges his parole was discharged and that he thereafter moved to California. Plaintiff alleges that, once in California, he was twice arrested for failure to register as a sex offender pursuant to California Penal Code section 290. Plaintiff alleges the California

charges were dropped each time and that the California Department of Justice thereafter sent Plaintiff a letter stating he is "no longer required to register as a sex offender in the State of California for [his] 1993 conviction in the state of Texas for Indecency with a Child." Plaintiff thereafter filed this suit against the State of California and Kamala D. Harris ("Defendants") to recover compensatory and punitive damages stemming from his allegedly wrongful arrests.

On December 26, 2012, Plaintiff filed two proofs of service indicating that he "mailed summons on 12-26-12 to the California Attorney Generals office Express Mail." (ECF Nos. 2, 3.)

On March 1, 2013, Plaintiff filed a request for entry of default. (ECF No. 8.) The Clerk of Court did not enter default, indicating that service on Defendants was not proper under Federal Rule of Civil Procedure 4. (Id.)

On March 22, 2013, Plaintiff filed an additional proof of service indicating that he "mailed the summons pursuant to Federal Rules of Civil Procedure Rule 4(j)(2)(B) & California Code of Civ. Proc. 415.30 sub(A)." (ECF No. 12.)

It has come to the Court's attention that Plaintiff has repeatedly called court personnel regarding the Clerk of Court's refusal to enter default. It has been reported that, despite the attempts of court personnel to explain why default was not entered, Plaintiff has been verbally hostile in his calls to court personnel, including yelling at court personnel and hanging up calls before court personnel could finish explaining why default was not entered.

First, Plaintiff is warned that the Court will not tolerate verbally hostile calls to any of its personnel. Should Plaintiff make any further verbally hostile calls, the Court will prohibit Plaintiff from calling court personnel and will require all future communications from Plaintiff to be in writing. See CivLR 83.2, 83.4.a.1. While the Court recognizes Plaintiff is not an attorney, the Court nonetheless expects Plaintiff to "[b]e courteous and civil in all communications, oral and written, and in all proceedings [to] conduct []himself with dignity and respect." See CivLR 83.4.a.1.

Second, Plaintiff is reminded that even parties who appear without an attorney are still bound by the Local Rules and the Federal Rules of Civil Procedure. See CivLR 83.11.

Third, it is true that a document filed by an unrepresented party should be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Still, "[a] district court lacks the power to act as a party's lawyer," Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Indeed, the Ninth Circuit Court of Appeals has stated that:

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the pro se layman through the trial thicket.

Jacobsen v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986); see also Gordon v. Barnett, 2007 WL 43583154, at *3 (W.D. Wash. Dec. 7, 2007) (stating that if the pro se plaintiff had asked the court for assistance, the court "could not have done more than direct plaintiff to the applicable rules of civil procedure"). With that in mind, the Court will not advise Plaintiff as to how to properly serve Defendants.

The Court will note, however, that the time to properly serve Defendants has passed. Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed his complaint on November 26, 2012. Thus, 120 days elapsed on March 26, 2013, and Plaintiff still has not successfully served Defendants. Plaintiff, however, has represented to court personnel that he plans to seek the assistance of the U.S. Marshal Service in serving Defendants. Thus, based

/ / /
/ / /
/ / /
/ / /
/ / /

on that representation, the Court will extend the time for Plaintiff to serve Defendants. **Plaintiff shall have until May 17, 2013, to properly serve Defendants.**

    **SO ORDERED**.

DATED: April 17, 2013

HON. GONZALO P. CURIEL
United States District Judge